[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16256
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cr-00096-RBD-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ARTHUR VANHOLTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 9, 2013)

Before HULL, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

William Vanholten appeals his conviction for possession and aiding and

abetting possession of cocaine with intent to distribute, in violation of 21 U.S.C.

§841(a)(1) and (b)(1)(A).  At trial, the government attempted to show that Vanholten had been caught at a traffic stop in a scheme to transport cocaine by car. Specifically, Vanholten enlisted the help of an unsuspecting driver, who was never told that her purpose in driving from Jacksonville to Miami and back was to move ten kilograms of cocaine.  He also drove the route with her in tandem.  On appeal, Vanholten first argues that the district court erred in admitting evidence of his prior drug conviction pursuant to Fed. R. Crim. P. 404(b).  He further argues that the district erred in denying his untimely motion to suppress evidence from a traffic stop.

## I.  Prior Conviction

Vanholten argues that evidence of his prior 2006 conviction for possession with intent to distribute cocaine was improperly admitted.  The prior conviction, also the result of a traffic stop, was introduced pursuant to Federal Rule of Evidence 404(b), "to prove intent, knowledge, identity, and/or absence of mistake or accident" as to the indicted offense.  Vanholten argues that the prejudicial effect of such evidence outweighed its minimal probative value where the offenses were six years apart and where the 2006 offense involved only 250 grams of cocaine and the 2012 offense involved 10 kilograms.

We review a district court's Rule 404(b) rulings for an abuse of discretion. United States v. Henderson, 409 F.3d 1293, 1297 (11th Cir. 2005).  If an

2

evidentiary ruling is based on an erroneous view of the law, however, it constitutes an abuse of discretion per se. Id.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of a person's crimes or other wrongful acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, such evidence may be admitted for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) evidence must pass a three-part test to be admissible against a defendant:

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice[.]

United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (quotation marks omitted).

The third part of this test—whether the probative value of the evidence is substantially outweighed by undue prejudice—"lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense . . . ." Id. at 1282 (quotation marks omitted). Circumstances relevant to this analysis include "prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal

3

remoteness." Id. (quotation marks omitted). We have declined to adopt a bright-line rule as to temporal remoteness because "decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005) (quotation marks omitted). Accordingly, a defendant "bears a heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative." Id. (quotation marks omitted). In other circumstances, we have concluded that a conviction for drug trafficking "only six years prior to the beginning of the conspiracy charged at trial" was properly admissible to prove intent. United States v. Brown, 587 F.3d 1082, 1091 (11th Cir. 2009).

The district court did not abuse its discretion in admitting evidence of Vanholten's prior drug conviction. Vanholten concedes that his not guilty plea placed his intent at issue and that the prior conviction constituted sufficient proof of the prior bad act, thereby satisfying the first two prongs of admissibility.

The third prong—that the evidence's probative value outweighs the risk of unfair prejudice—was met as well. First, the offenses were similar, as both involved Vanholten being found with large sums of cash during traffic stops. See Jernigan, 341 F.3d at 1282. Second, the prior conviction was probative of Vanholten's knowledge and intent to transport and distribute cocaine. See id.

4

Indeed, testimony at trial established that Vanholten had remarked upon arrest for the 2006 conviction, "I lost my job, now I guess I have to keep selling drugs so I get rich." Third, we have in other cases found that six years is not too long to dissipate the probative value under 404(b) of a prior conviction. See, e.g., Brown, 587 F.3d at 1091; United States v. Matthews, 431 F.3d 1296, 1312 (11th Cir. 2005) (eight years not too remote). Finally, the district court mitigated any potential prejudice to Vanholten by giving a limiting instruction. On this record, the district court did not abuse its discretion by introducing evidence of the prior conviction.

## II. Untimely Motion to Suppress

Vanholten also argues that the district court abused its discretion when it denied his admittedly late motion to suppress evidence from the traffic stop as untimely. Specifically, Vanholten argues that he established good cause for the delay because the government did not provide him the requested video footage for the traffic stop until after the district court's suppression motion filing deadline.

We review a denial of a motion to suppress on grounds of untimeliness for abuse of discretion. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990). Pursuant to the Federal Rules of Criminal Procedure, a motion to suppress must be brought prior to trial. Fed. R. Crim. P. 12(b)(3)(C). The district court may set a deadline for the parties to make pretrial motions, and failure to bring a motion to

5

suppress prior to the court's deadline, in the absence of good cause, constitutes waiver.  Id. at 12(c), (e).

The harmless error doctrine applies to violations of the Fourth Amendment. United States v. Khoury, 901 F.2d 948, 960 (11th Cir. 1990).  In applying the doctrine, we ask "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction."  Id. (quotation marks omitted).  "If the jury might have relied on the unconstitutional evidence in reaching its verdict, then the error was harmful unless the other evidence of guilt was so overwhelming that the defendant suffered no prejudice from the admitted evidence."  Id.

The district court did not abuse its discretion in denying Vanholten's untimely motion to suppress.  He failed to show good cause for his delay in filing. In neither his generic suppression motion nor in open court did Vanholten ever explain what information he needed from the video tape to file a proper suppression motion that he did not already know from being present at the traffic stop.

Even assuming the district court did abuse its discretion, any resulting error was harmless.  The only evidence gained from the stop in particular was that Vanholten was carrying a large sum of cash and a cell phone.  Given the other evidence proffered by the government, including Vanholten's tandem driving with

the car carrying the cocaine; testimony of the other driver; video evidence of Vanholten placing bags in the car; and evidence from a DEA tracking device, there is not a reasonable probability that the traffic stop evidence tilted the scale to a conviction.  See Khoury, 901 F.2d at 960.  For these reasons, we affirm as to this issue.

### III.  Conclusion

Vanholten's conviction is

**AFFIRMED.**